UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FANNIE MOTEN,

                Plaintiff,

                                              CASE NO. 3:10-CV-126

VS.

WARREN UNILUBE, INC.,

                Defendant.

## PROTECTIVE ORDER RESPECTING CONFIDENTIALITY OF MATERIALS

THIS MATTER being brought before the Court by application of Defendant for a Protective Order, and it appearing to the Court for good cause shown;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. **Purpose; Scope.** This case is an employment dispute between Plaintiff and Defendant concerning, among other things, Plaintiff's allegation that Defendant discriminated against her on the basis of her sex and age (an allegation that Defendant denies). In the course of discovery, Plaintiff has requested that Defendant produce confidential business documents and information, including but not limited to lists of all employees and customers, as well as information about Defendant's sales revenues from such customers. Such documents contain confidential personnel records and confidential contractual arrangements between Defendant and its customers that should not be disclosed. If disclosed, such information could pose a competitive threat to Defendant, who does not wish competitors to obtain access to its compensation arrangements with employees or

its customer contracts.

This Order will govern the handling and disclosure of all documents and materials produced, given, exchanged, or filed herein by any party or witness during discovery and/or pursuant to subpoena and other proceedings in this action.

2. **Agreement on Use of Protected Information.** All Protected Information, as defined in accordance with this Order, shall be used solely in the prosecution or defense of this action, as defined above, and shall not be used or disclosed by any person or party for any other purpose.

3. **"Document."** When used in this Order, the term "document" means any and all documents, notes, correspondence, notebooks, calendars, appointment books, business records, books, policies, written instructions, writings, drawings, graphs, charts, recordings, computer generated or stored data, computer programs, computer disks and tapes, audiotapes, videotapes, and any other items falling within the definition of "documents" under Rule 34 of the Federal Rules of Civil Procedure.

4. **"Material."** When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

5. **"Protected Information."** The term "Protected

Information" means all documents and materials that have been designated as "Confidential" or "Confidential/Attorneys' Eyes Only" pursuant to this Protective Order, unless and until such designation has been objected to and determined to be improper pursuant to the procedures outlined in Paragraph 11 of this Order.  Protected Information shall not include any information which at the time of its disclosure is lawfully within the public domain, information independently obtained by any party from third parties (other than information obtained from third parties who have contractual obligation(s) of confidentiality to either party to this litigation), or information other than those of the types listed above.

    6.  **Designation of Protected Information.**  The party producing Protected Information as defined in this Order shall be referred to as the "Designating Party."  The party who receives Protected Information shall be referred to as the "Receiving Party."  Any party who discloses to another entity any material deemed to be Protected Information pursuant to this Order shall be referred to as the "Disclosing Party."  The Designating Party shall designate documents and materials as Protected Information prior to their production to the Receiving Party by clearly marking them either "Confidential" or "Confidential/Attorneys' Eyes Only," depending on the level of confidentiality sought pursuant to the procedures set forth in this Order.

7. **Depositions.** In the case of depositions, Protected Information may be designated either by designating the question asked or the testimony given, at the time asked and/or given, or by designating certain portions of the transcript in writing to the court reporter and counsel of record for all parties within thirty (30) days of receipt by counsel of the transcript of the deposition, as Confidential or Confidential/Attorneys' Eyes Only. Counsel of record for the Designating Party may also request that only those persons duly authorized to have access to Confidential and Confidential/Attorneys' Eyes Only Protected Information be present during the portion of any deposition in which Protected Information is or is likely to be disclosed. Unless otherwise designated, deposition transcripts and exhibits shall be treated as Confidential/Attorneys' Eyes Only materials until the 30-day deadline for designating materials expires.

8. **Scope of Permitted Disclosure.** Each person given access to Protected Information pursuant to this Order shall keep such material strictly secure, refrain from disclosing, either directly or indirectly, in any manner any information set forth in said documents, and shall keep such documents and the information contained therein or derived therefrom confidential except as otherwise provided by the terms of this Order.

   a. Protected Information Designated as "**Confidential**": Except upon further order of the Court,

information designated "Confidential" shall be disclosed only to the following persons:

 (1) parties to this action and the officers, directors, and employees of the parties who are directly participating in the prosecution or defense of this action;

 (2) in-house counsel and in-house legal staff who are directly participating in the prosecution or defense of this action;

 (3) in-house experts and consultants consulted by or assisting a party in this action;

 (4) counsel of record for the parties to this action and such counsel's attorneys and office staff who are directly participating in the prosecution or defense of this action;

 (5) independent experts and consultants consulted by or assisting a party in this action; and

 (6) court reporters, the Court, the staff of the Court, and the members of the jury.

 b. Protected Information Designated as **Confidential/Attorneys' Eyes Only**: To the extent it is otherwise discoverable, Protected Information regarding customers, customer contracts, sales, or the Company's financial information may be designated as Confidential/Attorneys' Eyes Only. Except upon further order of the Court, information designated Confidential/Attorneys' Eyes Only shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons:

>> (1) The outside attorneys of record for the receiving party directly involved in this lawsuit, and those attorneys' employees working under their direct supervision;
>>
>> (2) Independent consulting or testifying experts not employed by a party;
>>
>> (3) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions); and
>>
>> (4) Any person who authored or received such information or documents in the ordinary course of business.

9. **Conditions of Disclosure to Experts or Deponents.** Prior to disclosure of Protected Information to any person set forth in Paragraphs 8.a.(5) or 8.b.(2) or (4) of this Order the Disclosing Party shall inform such person that Protected Information shall be used for the purposes of the prosecution or defense of this action only. The Disclosing Party also shall obtain from such person a signed Confidentiality Agreement in the form of **Exhibit A**, annexed hereto. Any person described in Paragraphs 8.a.(1) - (4) or 8.b.(1) of this Order is bound by the provisions of this Order without the necessity of executing a Confidentiality Agreement. Counsel shall keep a record of all persons to whom disclosure of Protected Information is made, and counsel shall retain in their possession, custody, and control all Confidentiality Agreements signed by such persons.

10. **Conditions of Other Disclosure.** If a party desires or

6

believes that it is required to disclose any Protected Information to any person not described in Paragraph 8 of this Order, counsel for the Disclosing Party shall inform in writing counsel for the Designating Party at least ten (10) days in advance of such disclosure (or such other time as agreed to by the parties in writing) of the intent so to disclose, including a general description of the materials to be disclosed, the designation given to such material, the purpose for the disclosure, and the name and address of the person to whom the disclosure is to be made.  If the Designating Party gives notice of objection to such disclosure within the prescribed ten (10) day period, such objection must be resolved by the Court before the disclosure may be made.  In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court in accordance with the procedure set forth in Paragraph 11 of this Order.

   11. **Objection Procedure.**  After receipt of any Protected Information, or upon notification at or after any deposition that certain portions thereof are to be designated as confidential, counsel for any party may at any time object (the "Objecting Party") in writing to such designation.  If the Designating Party and the Objecting Party are unable to resolve the objection, the Objecting Party may move the Court for an Order that such material not be so designated.  The Designating Party shall bear

7

the burden of showing good cause for the designation under Rule 26(c)(7) of the Rules of Civil Procedure and this Order. Protected Information shall be treated in accordance with its designation until the Court's determination of the Objecting Party's challenge.

12. **Procedure for Redacting/Sealing Protected Information Filed With Court.**

    a. **Redaction Preferred:** To the extent the confidential portion(s) of Protected Information can be protected fully by redaction, the parties shall redact confidential information to avoid the necessity of filing documents under seal. Prior to filing Protected Information in redacted form, the filing party shall give the party who produced the Protected Information at least forty-eight (48) hours to confirm or object to the effectiveness of the redaction. If agreement is not reached that redaction is adequate to protect the confidentiality of the Protected Information, which agreement shall not be unreasonably withheld, the Protected Information shall be filed under seal.

    b. **Filing Confidential Information Under Seal.** Where redacting confidential information is inadequate to protect the confidentiality of Protected Information, or where the parties cannot reach agreement as to whether redaction is adequate to protect the confidentiality of Protected Information, a party

shall file such information under seal when filing it with the Court.  Each time a party seeks to file under seal confidential documents, things and/or information (as Protected Information pursuant to this Order), said party shall accompany the request with a motion to seal. When a party seeks to file confidential documents, things and/or information (as Protected Information pursuant to this Order), including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement in substantially the following form:  "Filed Under Seal Pursuant to Protective Order."  The Clerk of Court shall maintain all such sealed containers intact and unopened except as otherwise directed by the Court; however, such information shall be available at all times to the Court and to such persons as are permitted access to Protected Information under Paragraph 8 of this Order.

13. **Retention, Destruction, and Return of Information.** Counsel for the parties or parties that receive Protected Information may retain possession of such information for a period of three years after the termination of this action.  At least 30 days prior to the running of three years from the termination of the action, either party may request the return of all Protected Information, and the receiving party shall return

9

all Protected Information to the requesting party via regular U.S. Mail or other agreed upon method of return. In the event of a request for return of Protected Information, the requesting party shall be responsible for the actual costs of postage for the return of such materials. In the absence of a request for a return of Protected Information made under this paragraph, counsel for the party or parties that received Protected Information shall return or destroy Protected Information within three years of the termination of this action. Provided that, in the event no return of Protected Information takes place, within ten days of its destruction, the party to destroy Protected Information shall certify to the other party in writing that such Protected Information has in fact been destroyed. Notwithstanding the foregoing, counsel of record may retain for his or her own files a copy of any items filed with the Court, notwithstanding that such items might include copies of, or reveal the substance or contents of, Protected Information.

   14. **Additional Protection.** Nothing in this Order shall preclude the Designating Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate. Nothing in this Order shall preclude either party from objecting to any discovery on any applicable grounds other than the grounds that the information sought is

confidential, personal or proprietary information. Nothing in this Order constitutes a waiver by any party of the attorney/client privilege or work product doctrine. Nothing herein shall limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action, even if the document is produced and marked confidential.

15. **Inspection of Files.** If a party makes available certain of its files for inspection by the other party before copying and designation of such information pursuant to the provisions hereof, all such documents and their contents shall be treated as Confidential/Attorneys' Eyes Only until copies of such documents are produced. All such inspected documents that are not copied for production shall retain the Confidential/Attorneys' Eyes Only designation unless otherwise designated by the party who made its files available for inspection.

16. **Inadvertent Failure to Designate.** The inadvertent production of any privileged or otherwise protected materials alone shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Order, or the subject matter thereof. Upon receiving notice from the

Designating Party that materials have been inadvertently produced, the receiving party shall promptly return all copies of such materials to the Designating Party. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection.

17. **Enforcement of Order.** This Order shall become effective among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any Confidential or Confidential/Attorneys' Eyes Only materials produced other than as provided in this Order without giving the Designating Party sufficient advance notice to allow for application to the Court for additional relief. Each person who receives Protected Information in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

18. **Modification in Writing.** Any modification of this Order shall be in writing, signed by counsel for the parties and must be approved by the Court; any such modification shall become effective upon the date on which it is entered by the Court. In addition, either party may move for an order modifying this Order upon good cause shown. Prior to any such application, the party seeking to modify this Order will confer with the other party to

attempt to reach an agreement with respect to such modification.

19. **Survival**.  The provisions of this Protective Order shall survive the final disposition and termination of this lawsuit.

SO ORDERED, this 13th day of January, 2011.

_____
Hon. James M. Moody
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FANNIE MOTEN,

                Plaintiff,

                                      CASE NO. 3:10-CV-126

VS.

WARREN UNILUBE, INC.,

                Defendant.

**AGREEMENT CONCERNING PROTECTED**
**INFORMATION SUBJECT TO PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has read the Protective Order ("Order") entered in the above-captioned action, understands the terms thereof, agrees to maintain the confidentiality of any Confidential or Confidential/Attorneys' Eyes Only materials disclosed pursuant to the Order, and submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas, as to any matters related to the Order, and agrees to be bound by the terms of the Order as if a signatory thereto.

_____

Name:_____

Print

Date:_____

Business address:
_____
_____

14